**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**

UNITED STATES OF AMERICA
*ex rel.* MARK P. DONALDSON,

    Plaintiff,

v.

CONSERVATION RESOURCE ALLIANCE,
CORNERSTONE ALLIANCE,
HURON COUNTY MSU EXTENSION,
ALPENA COMMUNITY COLLEGE,
MICHIGAN APPLE PACKERS COOPERATIVE,
MICHIGAN FARM BUREAU,
MICHIGAN FARMERS UNION FOUNDATION,
NORTHERN INITIATIVES CORP.,
MICHIGAN STATE UNIVERSITY EXTENSION,
TARGET ALPENA 2000,
NORTHERN INNOVATIVE COMMUNITIES,
SPARTA TOWNSHIP,
RESEARCH, EDUCATION & DEVELOPMENT
FOR COOPERATIVES, DONALD L. HARE,
THUMB OILSEED PRODUCERS COOPERATIVE,
MAE O. LOCKE, and
MONTMORENCY COUNTY MSU EXTENSION,

    Defendants.
_____/

**SEALED**
CASE NO. 03-CV-10141-BC

DISTRICT JUDGE DAVID M. LAWSON
MAGISTRATE JUDGE CHARLES BINDER

**FILED**

MAR 14 2005

U.S. DISTRICT COURT
BAY CITY, MICHIGAN

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
**PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)**

I.  **RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that this case be *SUA SPONTE* **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).[1]

II.  **REPORT**

    A.  **Introduction**

On February 25, 2005, this *pro se* case was referred to the undersigned Magistrate Judge for general case management by United States District Judge David M. Lawson (Dkt. 30). Plaintiff's Application to Proceed without Prepayment of Fees was granted on June 30, 2003, and therefore Plaintiff is proceeding *in forma pauperis* (IFP) pursuant to 28 U.S.C. § 1915. After screening the *pro se* complaint as required by the statute governing IFP actions, I conclude that the case is ready for Report and Recommendation.

    B.  **Analysis and Conclusions**

    1.  **Screening Provision**

When a plaintiff is proceeding IFP, the following statute requires the Court to *sua sponte* review the case:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
>     . . . .
>     (B) the action or appeal--

---

[1] In the event that this Report and Recommendation is adopted, the following pending motion will be moot: Plaintiff's Motions to Expedite Ruling Within Twenty-Eight Days and to Grant Access to Records in Government's Possession (Dkt. 29).

      (i)      is frivolous or malicious;

      (ii)     fails to state a claim on which relief may be granted; or

      (iii)    seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

The Sixth Circuit has instructed that this provision requires a district court to screen all IFP cases and to *sua sponte* dismiss those that are frivolous or fail to state a claim for relief. *Porter v. Soice*, 24 Fed. Appx. 384, 386 (6th Cir. 2001); *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). A case is frivolous if it lacks an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed.2d 338 (1989).

When determining whether a complaint fails to state a claim for relief, "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief." *Cline v. Rogers*, 87 F.3d 176 (6th Cir. 1996) (citing *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993)); FED. R. CIV. P. 12(b)(6). Although federal courts are required to liberally construe the pleading of a *pro se* plaintiff and to hold it to a less stringent standard than a similar pleading drafted by attorneys, *see Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999), a *pro se* plaintiff's complaint nevertheless must contain either direct or inferential allegations respecting all of the material

3

elements to sustain a recovery under some viable legal theory. *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988).

### 2. *Qui Tam* Actions Under the False Claims Act

The False Claims Act ("FCA"), 31 U.S.C. §§ 3729-3733, includes a *qui tam* provision that allows private citizens, acting on behalf of the government, to bring a civil action against anyone who has committed a fraud upon the government. *See United States ex rel. McKenzie v. Bellsouth Telecommunications, Inc.*, 123 F.3d 935, 938 (6th Cir. 1997). In 1986, Congress amended the FCA, allowing for increased monetary awards and adopting a lower burden of proof, in an effort "'to encourage any individual knowing of Government fraud to bring that information forward.'" *United States ex rel. Jones v. Horizon Healthcare Corp.*, 160 F.3d 326, 330 (6th Cir. 1988) (quoting S. REP. NO. 345, 99th Cong., 2d Sess. (1986), *reprinted in* 1986 U.S.C.C.A.N. 5266). The amended statute provides that the individual who brings a successful *qui tam* action, called the "relator," can receive up to thirty percent of the Government funds recovered. *See* 31 U.S.C. § 3730(d)(2).

"The two elements necessary to prove a cause of action are that the claim for payment from the government was made and that the claim was false or fraudulent." 32 AM. JUR. 2D *False Pretenses* § 90 (1995). The FCA prescribes that the false claim must have been "knowingly" presented, which does not require proof of a specific intent to defraud. 31 U.S.C. § 3729(b). Rather, it must only be proven that the defendant either had actual knowledge of the falsity of the information or acted in deliberate ignorance or reckless disregard of the truth or falsity of the information. *See id.* In addition, the Sixth Circuit has

4

recently held that the "false statements . . . must be material to the false or fraudulent claim to hold a person civilly liable under the FCA." *United States ex rel. A+ Homecare v. Medshares Mgmt. Group, Inc.*, ___ F.3d ___, 2005 WL 549150 (6th Cir. March 10, 2005) (slip op.) ("Put another way, a false statement or record within a true claim is not actionable under the FCA.").

When filing the initial complaint, the relator must bear in mind that "[b]ecause claims under the FCA are claims of fraud, the pleading rules are somewhat more specific: [the relator] must allege those claims with particularity." *United States ex rel. Palladino v. VNA of Southern New Jersey, Inc.*, 68 F. Supp. 2d 455, 462 (D.N.J. 1999) (citing FED. R. CIV. P. 9(b)). The Sixth Circuit has explained the additional procedures required by the FCA in a *qui tam* action:

> The *qui tam* action is filed under court seal, and the relator must supply the government with a copy of the complaint and with written disclosure or substantially all material evidence and information that the plaintiff possesses supporting the charges. *Id.* § 3730(b)(2). The Justice Department has sixty days to review the claims and may move the court to extend that period; during that time, the proposed defendant is not notified of the claim. *Id.* § 3730(b)(2), (3). If the government chooses to intervene in the action, it assumes the role of lead prosecutor. *Id.* § 3730(b)(4)(A), (c)(1). In the alternative, it may decline to join the action, leaving the *qui tam* plaintiff as the sole prosecutor. *Id.* § 3730(b)(4)(B).

*United States ex rel. Taxpayers Against Fraud v. General Electric Co.*, 41 F.3d 1032, 1035 (6th Cir. 1994). Even in a case where the government declines to intervene, it remains the real party in interest. *See United States ex rel. Milam v. University of Texas M.D. Anderson Cancer Center*, 961 F.2d 46, 48-49 (4th Cir. 1992).

5

3.  **Background**

In 1998, Mark Donaldson (hereafter "Donaldson"), the relator, filed a *pro se* complaint appealing two unfavorable determinations made by the United States Department of Agriculture ("USDA") denying his applications for Rural Business Enterprise Grants ("RBEG"). The district court upheld the agency action, finding that "the USDA properly followed its procedures and regulations, no abuse of discretion occurred and judgment in favor of the defendant is, therefore, appropriate." *Donaldson v. United States*, 268 F. Supp. 2d 812, 818 (E.D. Mich. 2003). The court further held that Donaldson did not have standing to challenge the award of RBE grants to cooperatives or any other applicants, and that even if he did, his allegations that the grants were awarded in violation of federal regulations were meritless. *Id.* at 820. The Sixth Circuit affirmed on appeal. *Donaldson .v United States*, No. 03-1882, 2004 WL 1888875 (6th Cir. Aug. 19, 2004) (unpublished).

Donaldson also filed a *qui tam* complaint under the False Claims Act in 1998, naming as defendants six employees of the USDA.[2] (E.D. Mich. Case No. 98-CV-10329-BC.) In that case, Donaldson claimed that the defendants violated 7 U.S.C. § 1932(c)[3] when they

---

[2] Two of the defendants named in that suit are also named as defendants in this suit: O. Mae Locke and Donald L. Hare.

[3] 7 U.S.C. § 1932(c)(1)(A) is entitled "Rural business enterprise grants" and provides that the Secretary of Agriculture may make grants

> to public bodies and private nonprofit corporations for measures designed to finance and facilitate development of small and emerging private business enterprises (including nonprofit entities) or the creation, expansion, and operation of rural distance learning networks or rural learning programs that provide educational instruction or job training instruction related to potential employment or job advancement to adult students, including the development, construction or acquisition of land, buildings, plants, equipment, access streets and roads, parking areas, utility extensions, necessary water supply and waste disposal facilities, refinancing, services and fees.

awarded grant monies under the RBEG program to ten different organizations that allegedly were not eligible to receive such funds pursuant to the specific requirements of the RBEG program. The case was dismissed in 2001 on the grounds that it presented no case or controversy because the suit was brought in the name of the United States against six employees of a department of the United States in their official capacities, which amounted to nothing more than the Government suing itself. In addition, Donaldson's motion to amend to add five grant recipient organizations as defendants to cure this defect was denied on the grounds of futility because Donaldson failed to allege that the organizations knowingly made false statements in their grant applications, which is a required element under the False Claims Act. (*See* Case No. 98-CV-10329-BC, Report & Rec., Dkt. 36 at 14 ("In the absence of allegations that these five entities knowingly misrepresented their status in order to fraudulently obtain federal grant money, no claim is stated.").) The Report and Recommendation was adopted by the district court in March 2001 and affirmed on appeal in May 2002. *See Donaldson v. Watkins*, No. 01-2352, 2002 WL 926994 (6th Cir. May 7, 2002) (unpublished).

In 2003, Donaldson filed the instant *qui tam* case, which was sealed in accordance with FCA provisions. On February 15, 2005, the United States declined to intervene pursuant to 31 U.S.C. § 3730(b)(4)(B). (*See* Gov't's Notice of Election to Decline Intervention, Dkt. 28.) Ten days later, the case was referred to the undersigned Magistrate Judge.

4.     **Discussion**

A review of the 27-page amended complaint reveals that Donaldson once again is bringing suit concerning the USDA's 1997 and 1998 RBE grant awards.[4] This time he names as defendants 19 organizations "who sought, assisted in, and/or received" RBE grants (Am. Compl. at 2), and alleges that they knowingly applied for grant funds to which they were not entitled under the regulations. Donaldson's apparent theory of liability as to these defendants is that they should have known that they were not eligible, and therefore should not have applied. Specifically, he alleges that their

> representations to the USDA did not avoid exposure to any and all liability since they were involved in, assisted, knowingly and/or intentionally sought and/or received federal, RBEG, funds in which the defendant(s) were responsible in great measure to read all applicable regulations, published in Federal Register, and otherwise be informed of basic requirements involving an applicant's eligibility, requirements, purposes and/or limitations.

(Am. Compl., Dkt. 7 ¶ 80.)

Once again, Donaldson has not alleged that these organizations knowingly made any false statements in their applications. Instead, he gives his theories under his interpretations of the federal regulations for why these organizations should not have been awarded the funds. These arguments were already asserted and rejected in Donaldson's prior cases. For example, in the instant case, Donaldson alleges that the "Michigan Apple Packers Co-op, a value added plus grower owned co-op sought and received RBEG funds which is contrary to RBEG regulation 1942.307(a)(1) since 'Funds will not be used:' since they are producing

---

[4] The one exception is Defendant North Georgia College & State University. Donaldson alleges that the university received an RBEG in 2000. (Am. Compl. at 3.)

8

agriculture products through growing, cultivation and harvesting." (Am. Compl., Dkt. 7 ¶ 19.) In *Donaldson v. United States*, 268 F. Supp. 2d 812 (E.D. Mich. June 23, 2003), however, the court stated:

> [Plaintiff] claims that an RBE grant for a gas line to the Michigan Apple Packers Cooperative was contrary to 7 C.F.R. § 1942.307(a). The plaintiff reasons that an important purpose for the gas line is to provide a more economical means of drying the harvested fruit, and therefore runs afoul of the prohibition of using RBE grant funds for the production of produce "through growing, cultivation and harvesting." The plaintiff has failed to develop his argument that drying or processing picked fruit constitutes "growing, cultivation and harvesting," and the USDA has obviously determined otherwise. That interpretation would not be unreasonable, and grants for such purposes would not contravene the applicable statute or regulation.

*Id.* at 820-21.

Accordingly, I suggest that Donaldson has failed to state a claim against the grant recipients named as defendants in this suit for the same reason that his motion to amend in case number 98-CV-10329-BC was denied: he has failed to allege that these entities knowingly misrepresented their status in order to fraudulently obtain federal grant money.

In addition to naming grant recipients as defendants in this suit, Donaldson also names three USDA employees, two of whom were also defendants in case number 98-CV-10329-BC. Here, the amended complaint asserts that

> Mr. Donald Hare, (former USDA state director), Ms. O. Mae Locke, (former USDA rural business specialist), and Mr. Ronald E. Gottschalk, (Deputy Associate Regional Attorney) are added to this complaint for personal liability for damages(s), error(s) and/or mistake(s) due to their administrative actions and/or statements since the three (3) named and at one time USDA, agency, representatives violated clearly established RBEG statutory and/or regulatory requirements.

9

(Compl., Dkt. 7 ¶ 82.) As this paragraph makes clear, Donaldson is claiming that these three USDA employees violated statutory or regulatory requirements when they processed the RBE grant applications. Donaldson has not alleged, however, that any of them knowingly presented or caused to be presented to the United States a claim for payment that contained false statements. Likewise, there is no allegation that these defendants conspired together to have the Government pay a false or fraudulent claim. Neither is there any allegation that they falsely certified that the organizations who received grant money were eligible when in fact they were ineligible. Construed liberally, Donaldson at most alleges that the USDA misapplied its own regulations when determining which organizations received federal grant money. A violation of a regulatory provision, however, is not actionable under the FCA in the absence of a knowingly false or misleading representation. *See United States ex rel. Hopper v. Anton*, 91 F.3d 1261 (9th Cir. 1996). Accordingly, I suggest that the amended complaint also fails to state a claim against these three individual defendants under the False Claims Act.

### 5. Conclusion

For these reasons, I suggest that this case be unsealed and *sua sponte* dismissed with prejudice for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## III. <u>REVIEW</u>

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

*[signature]*
CHARLES E. BINDER
United States Magistrate Judge

DATED: March 14, 2005

Copies to:  Michael Hluchaniuk, Assistant U.S. Attorney
Mark P. Donaldson, 9303 Main Street, Apt. 8, Whitmore Lake, MI 48189-8324
Honorable David M. Lawson