UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA
*ex rel.* MARK P. DONALDSON,

    Plaintiff,

v.

CONSERVATION RESOURCE ALLIANCE,
CORNERSTONE ALLIANCE,
HURON COUNTY MSU EXTENSION,
ALPENA COMMUNITY COLLEGE,
MICHIGAN APPLE PACKERS COOPERATIVE,
MICHIGAN FARM BUREAU,
MICHIGAN FARMERS UNION FOUNDATION,
NORTHERN INITIATIVES CORP.,
MICHIGAN STATE UNIVERSITY EXTENSION,
TARGET ALPENA 2000,
NORTHERN INNOVATIVE COMMUNITIES,
SPARTA TOWNSHIP,
RESEARCH, EDUCATION & DEVELOPMENT
FOR COOPERATIVES, DONALD L. HARE,
THUMB OILSEED PRODUCERS COOPERATIVE,
MAE O. LOCKE, and
MONTMORENCY COUNTY MSU EXTENSION,

    Defendants.
_____/

CASE NO. 03-CV-10141-BC

DISTRICT JUDGE DAVID M. LAWSON
MAGISTRATE JUDGE CHARLES BINDER

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
**PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)**

**I.    RECOMMENDATION**

**IT IS RECOMMENDED** that this case be ***SUA SPONTE* DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. REPORT

### A. Procedural History

On April 29, 2003, Plaintiff submitted to the United States District Court for the Eastern District of Michigan a *pro se* Qui Tam and Personal Liability Complaint and an Application to Proceed Without Prepayment of Fees. The case was assigned to U.S. District Judge John Feikens under case number 03-71653. On May 9, 2003, Plaintiff submitted an Amended Qui Tam and Personal Liability Complaint.

On June 17, 2003, the case was transferred to the Court's Northern Division in Bay City, Michigan, and reassigned to U.S. District Judge David M. Lawson. Judge Lawson granted Plaintiff's Application to Proceed without Prepayment of Fees on June 30, 2003, allowing Plaintiff to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915, and sealed the case pursuant to 31 U.S.C. § 3730(b)(2). After the IFP application was granted, both the complaint and amended complaint were officially filed and placed on the Court's docket. (Dkts. 6 & 7.) In November 2004, after Plaintiff took an unsuccessful appeal to the U.S. Court of Appeals for the Sixth Circuit, the amended complaint was served on the United States Attorney. The Government elected not to intervene in the case on February 15, 2005.

On February 25, 2005, the case was referred to the undersigned Magistrate Judge for general case management. After screening the *pro se* amended complaint as required by the statute governing IFP actions, the undersigned issued a Report and Recommendation ("R&R") on March 14, 2005, suggesting that the case be unsealed and *sua sponte* dismissed with prejudice for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff's objections to the R&R on jurisdictional grounds were denied on March 14, 2005. On March 22, 2005, however, Plaintiff filed a motion to amend and submitted a proposed second

2

amended complaint. In an order dated April 20, 2005, the Court found that Plaintiff's proposed second amended complaint was properly filed without first seeking leave of court pursuant to Rule 15 of the Federal Rules of Civil Procedure, and the case was referred back to the undersigned Magistrate Judge to be screened for a second time under 28 U.S.C. § 1915(e).

**B.     Discussion**

The statute governing actions where a plaintiff has been granted *in forma pauperis* status, 28 U.S.C. § 1915, requires the Court to *sua sponte* review such a case and provides that "the court *shall* dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). The Sixth Circuit has held that this review by the district court is mandatory and "must occur even before process is served or the individual has had an opportunity to amend the complaint." *McGore v. Wrigglesworth*, 114 F.3d 601, 608-609 (6th Cir. 1997) (specifically referencing 28 U.S.C. § 1915(e)(2)). *See also Wimberly v. Embridge*, 93 Fed. Appx. 22, 23 (6th Cir. 2004) (stating that, pursuant to 28 U.S.C. § 1915(e)(2), the district court had no discretion to permit the non-prisoner IFP plaintiff to amend the complaint which was subject to *sua sponte* dismissal as written); *Brewer v. Cleveland Municipal School District*, 84 Fed. Appx. 570, 572 (6th Cir. 2003) (same).

This case was screened pursuant to 28 U.S.C. § 1915(e)(2) in March 2005 and dismissal was recommended for failure to state a claim. Now, Plaintiff has been given another bite at the apple.[1] Plaintiff is proceeding *in forma pauperis*, however, and therefore I suggest that, pursuant to *McGore*, *Wimberly*, and *Brewer*, *supra*, he is barred from amending his complaint in an attempt to cure the deficiencies noted in the Report and Recommendation. I accordingly suggest that the

---

[1]Actually he has been given many more "bites" than that. As spelled out in detail in the Report and Recommendation filed on March 14, 2005, this is the third lawsuit Plaintiff has brought concerning the United States Department of Agriculture's 1997 and 1998 awards of Rural Business Enterprise Grants.

3

second amended complaint (Dkt. 68) be stricken from the record and that the case be dismissed for the reasons set forth in the March 2005 Report and Recommendation.

Alternatively, I suggest that the second amended complaint should be stricken from the record because it was improperly filed without leave of court. Rule 15(a) of the Federal Rules of Civil Procedure provides that "[a] party may amend the party's pleading *once* as a matter of course at any time before a responsive pleading is served . . . ." FED. R. CIV. P. 15(a) (emphasis added). Although Plaintiff arguably should not have been allowed to benefit from this rule due to his IFP status and the Sixth Circuit precedent cited above, he nevertheless received the advantage of the rule because he submitted an amended complaint prior to the Court's grant of the application to proceed IFP. The rule specifically allows for only one amendment as a matter of course, however, and therefore I suggest that Plaintiff's second amended complaint was improperly filed in violation of Rule 15(a).

### III.    REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370,

4

1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

                s/ *Charles E. Binder*
                CHARLES E. BINDER
Dated: August 16, 2005         United States Magistrate Judge


### CERTIFICATION

 I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on Michael Hluchaniuk, and served in the traditional manner on Mark P. Donaldson and Honorable David M. Lawson.


Dated: August 16, 2005         By   s/Mary E. Dobbick
                Secretary to Magistrate Judge Binder