UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA *ex rel.*
MARK P. DONALDSON,

        Plaintiff,

                                          Case Number 03-10141-BC
v.                                         Honorable David M. Lawson

CONSERVATION RESOURCE ALLIANCE,
CORNERSTONE ALIANCE, HURON COUNTY
MSU EXTENSION, ALPENA COMMUNITY
COLLEGE, MICHIGAN APPLE PACKERS
COOPERATIVE, MICHIGAN FARM BUREAU,
MICHIGAN FARMERS UNION FOUNDATION,
NORTHERN INITIATIVES CORP., MICHIGAN
STATE UNIVERSITY EXTENSION, TARGET
ALPENA 2000, NORTHERN INNOVATIVE
COMMUNITIES, SPARTA TOWNSHIP,
RESEARCH EDUCATION & DEVELOPMENT FOR
COOPERATIVES, DONALD L. HARE, THUMB
OILSEED PRODUCERS COOPERATIVE, MAE O.
LOCKE, and MONTMORENCY COUNTY MSU EXTENSION,

        Defendants.
_____/

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION,
OVERRULING PLAINTIFF'S OBJECTIONS, DISMISSING COMPLAINT, AND
DISMISSING MOTIONS TO EXPEDITE EXEMPTION FROM PACER FEE,
EXPEDITE RULING, AND GRANT ACCESS TO RECORDS**

        This is the third action filed by the plaintiff in this Court contesting the Department of Agriculture's awards of Rural Business Enterprise (RBE) Grants to various public entities in northern Michigan in 1997 and 1998. The plaintiff filed this *pro se* action under the False Claims Act (FCA), 31 U.S.C. § 3729 *et seq.*, on June 30, 2003, by presenting both a complaint and an amended complaint. The Court granted the plaintiff's motion to proceed without prepayment of fees and the plaintiff proceeded with the matter on pauper status pursuant to 28 U.S.C. § 1915. The

matter was sealed in accordance with the procedures prescribed by the FCA , and the United States declined to intervene under 31 U.S.C. § 3730(b)(4)(B) on February 15, 2005. On February 25, 2005, the Court referred the matter to United States Magistrate Judge Charles E. Binder for general case management pursuant to 28 U.S.C. § 636(b)(1)(A) & (B). On March 14, 2005, the magistrate judge filed a report recommending that the matter be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B) because the complaint was frivolous and failed to state a claim for relief. The magistrate found that the plaintiff failed to allege that the defendants knowingly provided false information to the government, which was one of the essential elements of a claim under the FCA. On March 22, 2005, the plaintiff filed objections to the report and recommendation.

After the magistrate judge filed his report and recommendation, the plaintiff filed a motion for leave to amend his complaint, together with a proposed second amended complaint. On April 20, 2005, this Court rejected the magistrate's recommendation, which was based upon the original complaint in the matter, finding it inappropriate to dismiss the case based on the magistrate judge's assessment of the original complaint since the second amended complaint supercedes the original pleading. The Court sent the case back to the magistrate for a new screening based on the new (second) amended complaint.

On August 16, 2005, the magistrate judge filed another R&R, again recommending dismissal, noting that an *in forma pauperis* plaintiff is not permitted to amend his complaint if his initial complaint fails to state a claim upon which relief may be granted. The plaintiff filed new objections on August 26, 2005. The Court now finds that the magistrate judge was correct in his original screening, Sixth Circuit precedent forbids IFP plaintiffs from amending complaints that do

not pass muster on original screening, and therefore the case will be dismissed. The plaintiff's pending procedural motions will be dismissed as moot.

I. Original complaint and first amendment

For cases filed IFP under 28 U.S.C. § 1915, the Court is required to review *sua sponte* the plaintiff's complaint to determine whether it states a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2); *Baxter v. Rose*, 305 F.3d 486, 488 (6th Cir.2002). When conducting this review, a *pro se* litigant's complaint is to be construed liberally, *Middleton v. McGinnis*, 860 F. Supp. 391, 392 (E.D. Mich.1994) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), that is, it is held to a "less stringent standard" than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Such complaints, however, must plead facts sufficient to show a cognizable legal wrong has been committed from which the plaintiff may be granted relief. Fed. R. Civ. P. 12(b); *cf. Faretta v. California*, 422 U.S. 806, 834 n.46 (1975) (observing that "[t]he right of self-representation is not a license to abuse the dignity of the courtroom. Neither is it a license not to comply with the relevant rules of procedural and substantive law"). "The court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief." *Cline v. Rogers*, 87 F.3d 176, 179 (6th Cir.1996). It is improper for a court to dismiss a complaint "based on a disbelief of a complaint's factual allegations." *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). "However, while liberal, this standard of review does require more than the bare assertion of legal conclusions." *Ibid.* "In practice, 'a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a

recovery under some viable legal theory.'" *In re DeLorean*, 991 F.2d 1236, 1240 (6th Cir. 1993) (quoting *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir.1988)).

The Court delegated the screening function to the magistrate judge, who found that complaints filed under the FCA must include specific allegations that the defendants knew they were submitting false information to the government, citing 31 U.S.C. § 3729(b). The magistrate judge found that the plaintiff "has not alleged that these organizations knowingly made any false statements in their applications" for RBE grants. R&R at 8 (Mar. 14, 2005). The plaintiff "at most alleges that the USDA misapplied its own regulations when determining which organizations received federal grant money." R&R at 10 (Mar. 14, 2005). The magistrate also observed that the allegations in this case are identical to allegations made by Mr. Donaldson in previous cases, which were dismissed, among other reasons, for lack of merit.

The plaintiff filed timely objections, several of which were irrelevant and obviously frivolous, such as the claim that the magistrate acted outside his authority by issuing the R&R, Pl.'s Obj. at 1, ¶ 1 (Mar. 22, 2005). He also commented on remedies and qualified immunity, *id.* at 2-3, ¶ 7. Those objections are overruled.

The plaintiff also tendered four relevant objections: first, the plaintiff argues that the magistrate only discussed his allegations against one defendant, stating that "the magistrate did not find anything in error against the other 18 organizations." Pl.'s Obj. at 1, ¶ 3; second, the plaintiff argues that the False Claims Act does not require knowledge of the misrepresentation to be actionable. Pl.'s Obj. at 2, ¶¶ 5-6; third, the plaintiff argues that dismissal of his complaint is premature because he is *pro se*; discovery has not been completed; he has a pending motion for access to government records; he filed a second amended complaint; and he has identified the

records containing the false information as the grant applications. Pl.'s Obj. at 3, ¶ 8; fourth, the plaintiff argues that *Donaldson v. United States*, 2004 WL 1888875 (6th Cir. 2004) (unpublished), which affirmed the dismissal of a prior lawsuit by the plaintiff and is cited by the magistrate judge on page four of the R&R, is irrelevant because the case was dismissed on procedural grounds; the merits of his case were not reached. Pl.'s Obj. at 3-4, ¶ 9.

"The False Claims Act provides for restitution to the government of money taken from it by fraud." *Walburn v. Lockheed Martin Corp.*, 431 F.3d 966, 970 (6th Cir. 2005) (internal quotes, alterations, and citation omitted). When certain conditions are fulfilled, the Act's provisions "seek to encourage 'whistleblowers to act as private attorneys-general' in bringing suits for the common good." *Ibid.* (quoting *United States ex rel. Taxpayers Against Fraud v. Gen. Elec. Co.*, 41 F.3d 1032, 1041-42 (6th Cir.1994)). The FCA makes certain acts of fraud against the government actionable, and it lists seven actions for which a person can be found liable. 31 U.S.C. § 3729(a). However, the Act makes clear that each of the prohibited acts must be committed by a person "knowingly," 31 U.S.C. § 3729(a)(1)-(2), (6)-(7); "intending to defraud," (4)-(5); or "conspir[ing] to defraud," (3). *Ibid.* The Act defines "knowing" and "knowingly" as follows:

> (b) Knowing and knowingly defined.– For purposes of this section, the terms "knowing" and "knowingly" mean that a person, with respect to information–
> (1) has actual knowledge of the information;
> (2) acts in deliberate ignorance of the truth or falsity of the information; or
> (3) acts in reckless disregard of the truth or falsity of the information,
> and no proof of specific intent to defraud is required.

31 U.S.C. § 3729(b).

"[T]he relevant elements of a[n] FCA claim are that: (1) the claim or record submitted was 'false or fraudulent,' and (2) the person or entity who submitted the claim or record acted 'knowingly.' Under the statute, a person will be found to have 'knowingly' committed an act only

if he or she acts with 'actual knowledge,' 'deliberate ignorance,' or 'reckless disregard of the truth or falsity of the information.'" *U.S. ex rel. Augustine v. Century Health Services, Inc*., 289 F.3d 409, 413 (6th Cir. 2002).

"[S]tating a violation of the FCA constitutes an 'averment[] of fraud' for purposes of Rule 9(b), and a complaint alleging such a claim must state the circumstances surrounding the FCA violation with particularity." *U.S. ex rel. Bledsoe v. Cmty Health Sys., Inc*., 342 F.3d 634, 642-43 (6th Cir. 2003). Rule 9(b) requires that the plaintiff at least

> "allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *Coffey v. Foamex L.P.,* 2 F.3d 157, 161-62 (6th Cir.1993) (internal quotation marks and citations omitted); *see also United States ex rel. Branhan v. Mercy Health Sys. of Southwest Ohio,* No. 98-3127, 1999 WL 618018, at *1 (6th Cir. Aug. 5, 1999) (affirming dismissal of a complaint alleging improper billing in violation of the FCA because it "failed to allege a single specific incident in which improper billing occurred and the plaintiff never set forth the dates, times, or the names of individuals who engaged in the alleged improper billing"). Essentially, the amended complaint should provide fair notice to Defendants and enable them to "prepare an informed pleading responsive to the specific allegations of fraud." *Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n,* 176 F.3d 315, 322 (6th Cir.1999) (citing *Michaels Bldg. Co. v. Ameritrust Co., N.A.,* 848 F.2d 674, 679 (6th Cir.1988)).

*Id.* at 643. This heightened pleading requirement applies to *pro se* plaintiffs. *Minger v. Green*, 239 F.3d 793, 800 (6th Cir. 2001).

Some courts apply a relaxed pleading requirement when the information supporting a claim of knowledge is under the defendant's control, but even then the information on which the plaintiff forms the belief of fraud must be set out.

> Because an allegation of churning is an allegation of fraud, it must be pleaded with particularity; generalized and conclusory allegations that the defendants' conduct was fraudulent do not satisfy Rule 9(b). *Armstrong,* 699 F.2d at 88; *Decker v. Massey-Ferguson, Ltd.,* 681 F.2d 111, 114 (2d Cir.1982). It necessarily follows that allegations of churning cannot be based upon "information and belief," except where

> the relevant facts lie exclusively within knowledge and control of the opposing party, and even then, the plaintiff must plead a particular statement of facts upon which his belief is based. *Stern v. Leucadia Nat. Corp.,* 844 F.2d 997, 1003- 04 (2d Cir.), *cert. denied,* 488 U.S. 852, 109 S.Ct. 137, 102 L.Ed.2d 109 (1988).

*Craighead v. E.F. Hutton & Co., Inc*., 899 F.2d 485, 489-90 (6th Cir. 1990). "Mere suspicions that a fraud may have occurred are not sufficient." *Inn Chu Trading Co., Ltd. v. Sara Lee Corp*., 810 F. Supp. 501, 507 (S.D.N.Y. 1992); *see also Wexner v. First Manhattan Co.*, 902 F.2d 169, 172 (2d Cir. 1990) (noting that "[t]his exception to the general rule must not be mistaken for license to base claims of fraud on speculation and conclusory allegations. Where pleading is permitted on information and belief, a complaint must adduce specific facts supporting a strong inference of fraud or it will not satisfy even a relaxed pleading standard"); *Phillips v. LCI Intern., Inc*., 190 F.3d 609, 623 (4th Cir. 1999) (reiterating that "[i]n determining whether the stockholders have established this requisite inference, we may not accept claims of fraud based on 'speculation'"); *Smith v. Office of Servicemembers Group Life Ins*., 1997 WL 786535, 3 (E.D. Pa. 1997) (holding that "[e]ven when the relevant information is inaccessible, however, the pleader may not proceed on mere suspicions of fraud").

The plaintiff's first objection is that the magistrate only discussed his allegations against one defendant and "did not find anything in error against the other 18 organizations." Pl.'s Obj. at 1, ¶ 3. The plaintiff is incorrect. After "[a] review of the 27-page amended complaint," the magistrate judge found that "Donaldson has not alleged that these organizations knowingly made any false statements in their applications." R&R at 8 (Mar. 14, 2005). It is clear that the magistrate was referring to all of the defendants, not just one. The Court's review of the complaint likewise found no such allegations.

Although the magistrate judge did specifically discuss the plaintiff's allegations against defendant Michigan Apple Packers Co-op, he does so in the context of his argument that the plaintiff's claims should be dismissed because he made the same arguments in a previous lawsuit. The magistrate judge's naming one of the defendants and not the others does not change the fact that the plaintiff "has not alleged that these organizations knowingly made any false statements in their applications." R&R at 8 (Mar. 14, 2005). The first objection is overruled.

The plaintiff's second objection, that the FCA does not require knowledge of the misrepresentation to be actionable, Pl.'s Obj. at 2, ¶¶ 5-6, also must be overruled as plainly wrong. A claim under the FCA requires that "the person or entity who submitted the claim or record acted 'knowingly.'" *U.S. ex rel. Augustine*, 289 F.3d at 413. The plaintiff has not made such allegations in his complaint or first amendment.

The plaintiff's third objection is that dismissal of his complaint is premature for a variety of reasons. Pl.'s Obj. at 3, ¶ 8. However, an IFP case must be dismissed if it is frivolous or fails to state a claim upon which relief may be granted, which is a consideration made from the four corners of the pleading. *See* 28 U.S.C. § 1915 (e)(2)(B). The screening takes place irrespective of what discovery might turn up. This objection is overruled.

The plaintiff's final objection is that *Donaldson v. United States*, 2004 WL 1888875 (6th Cir. 2004) (unpublished), is irrelevant because the case was dismissed on procedural grounds. Pl.'s Obj. at 3-4, ¶ 9. Even if this were true, which it is not, it does not save the plaintiff's complaint. The plaintiff has failed to state a claim upon which relief can be granted because his complaint does not allege that the defendants acted with the requisite knowledge. Whether the plaintiff's prior cases

were decided on the merits is irrelevant and does not make the magistrate judge's recommendation incorrect. This objection is overruled.

## II. Second amended complaint

In his second report filed on August 16, 2005, the magistrate judge recommended dismissal because an IFP plaintiff is not permitted to amend his complaint if his initial complaint fails to state a claim upon which relief may be granted. The plaintiff filed objections on August 26, 2005.

The magistrate judge provides two reasons for striking the second amended complaint. First, he states the plaintiff is barred from amending his complaint to cure the deficiencies pointed out in the previous R&R because he is proceeding IFP. Second, the magistrate judge states the second amended complaint should be stricken from the record because it was improperly filed without leave of court. Rule 15 allows a party to amend a pleading once as a matter of course, but the plaintiff's second amended complaint was filed without permission, according to the magistrate judge.

The plaintiff responds that the magistrate judge's arguments about IFP amendments only apply to prisoners. Since he is not a prisoner, he believes he is permitted to amend his complaint. The plaintiff states the cases cited by the magistrate judge all involve prisoners and are therefore irrelevant, and he refers the Court to a Third Circuit case, *Grayson v. Mayview State Hospital*, 293 F.3d 103 (3d Cir. 2002).

Regarding the magistrate's second argument, the plaintiff states the magistrate is wrong because he did file a motion for leave to amend his complaint. The plaintiff is correct regarding his motion for leave to amend. On March 22, 2005, the plaintiff filed a motion for leave to amend his complaint. [dkt # 67]. That complaint cannot be stricken for improper filing as the magistrate argues because of a want of a motion seeking leave.

The argument that such amendments may be allowed in the first instance presents an entirely different issue. The Sixth Circuit has taken a hard line with respect to the prohibition against correcting fatal mistakes in pauper complaints filed under section 1915. That position was staked out plainly in *McGore v. Wrigglesworth*, which was an action brought by a jail inmate. The court took the opportunity in that case to discuss the procedures for complaints filed by indigent prisoners and non-prisoners alike. The court held that the screening of IFP complaints is mandatory and complaints must be dismissed without giving the plaintiff an opportunity to amend the complaint:

> Unlike prisoner cases, complaints by non-prisoners are not subject to the screening process required by § 1915A. However, the district court must still screen the complaint under § 1915(e)(2). Even if a non-prisoner pays the filing fee and/or is represented by counsel, the complaint must be screened under § 1915(e)(2). The language of § 1915(e)(2) does not differentiate between cases filed by prisoners and cases filed by non-prisoners. We, like other courts throughout the country, have had numerous prolific litigants who are non-prisoners and who pay the full filing fees, inundating the court with meritless actions. Section 1915(e)(2) provides us with the ability to screen these, as well as prisoner cases that satisfy the requirements of this section. The screening must occur even before process is served or the individual has had an opportunity to amend the complaint. The moment the complaint is filed, it is subject to review under § 1915(e)(2). The complaint must be dismissed if it falls within the requirements of § 1915(e)(2) when filed.
>
> Section 1915(e)(2) states that regardless of whether a filing fee has been paid, the district court must dismiss the case if the complaint satisfies the factors of § 1915(e)(2). Thus, even if the full filing fee is paid, the district court must dismiss the complaint if it comports with § 1915(e)(2). The statute, therefore, overrules *Clark v. Ocean Brand Tuna,* 974 F.2d 48, 50 (6th Cir.1992) (per curiam).
> . . .
> The Prison Litigation Act has overruled the procedures set forth in *Tingler v. Marshall,* 716 F.2d 1109 (6th Cir.1983). In *Tingler,* we stated that a district court may not *sua sponte* dismiss a plaintiff's suit unless the court first gives the plaintiff the opportunity to amend or correct the deficiencies in the complaint. *Id.* at 1111-12. Under § 1915(e)(2), a court is required to dismiss a case when the action satisfies § 1915(e)(2)(A) or § 1915(e)(2)(B). Under the Prison Litigation Act, courts have no discretion in permitting a plaintiff to amend a complaint to avoid a *sua sponte* dismissal. If a complaint falls within the requirements of § 1915(e)(2) when filed, the district court should *sua sponte* dismiss the complaint. Section 1915A also provides for such *sua sponte* dismissals.

*McGore v. Wrigglesworth*, 114 F.3d 601, 608-09, 612 (6th Cir. 1997).

The holding of *McGore* was discussed in *Baxter v. Rose*. In that case, a prisoner filed a civil rights action but did not allege that he had exhausted his administrative remedies. A magistrate judge recommended dismissing the case under section 1997(e). The plaintiff filed objections, which the court considered a request to amend his complaint. The court found that the plaintiff was not permitted to amend his complaint and dismissed it. The court of appeals affirmed, citing *McGore*:

> In *McGore v. Wrigglesworth,* 114 F.3d 601 (6th Cir.1997), we examined these screening regimes and their effect on the prisoner-plaintiff's ability to amend his complaint. We held that: "Under the Prison Litigation [Reform] Act, courts have no discretion in permitting a plaintiff to amend a complaint to avoid a *sua sponte* dismissal." *Id.* at 612. In the particular case of *McGore,* we were reviewing a *sua sponte* dismissal pursuant to Section 1915(e)(2), which governs review of *in forma pauperis* complaints filed by prisoners. There, we explicitly held that the PLRA's prohibition against amendment applies to dismissals under both prongs of Section 1915(e)(2), the first providing for dismissals on incorrect allegations of poverty, 28 U.S.C. § 1915(e)(2)(A), and the second providing for dismissals for failing to state a claim on which relief may be granted, among other grounds, 28 U.S.C. § 1915(e)(2)(B). *McGore,* 114 F.3d at 612. We further suggested that our analysis regarding the bar on amendment of the complaint would also apply in cases where the district court dismisses cases *sua sponte* under 28 U.S.C. § 1915A. *Ibid.*
> . . .
> As we held in *McGore,* a plaintiff in a case covered by the PLRA may not amend his complaint to avoid a *sua sponte* dismissal. A plaintiff who fails to allege exhaustion of administrative remedies through "particularized averments" does not state a claim on which relief may be granted, and his complaint must be dismissed *sua sponte. Knuckles El,* 215 F.3d at 642; *Brown,* 139 F.3d at 1104. Our rule in *McGore* requires that a plaintiff, who fails to make a sufficient allegation of exhaustion in their initial complaint, also not be allowed to amend his complaint to cure the defect. [FN3] If the plaintiff has exhausted his administrative remedies, he may always refile his complaint and plead exhaustion with sufficient detail to meet our heightened pleading requirement, assuming that the relevant statute of limitations has not run.
>
> [FN3] There is arguably a tension between our rule against amendment in PLRA cases and Federal Rule of Civil Procedure 15(a). *See* Fed.R.Civ.P. 15(a) (providing that courts shall give leave to amend a complaint "freely . . . when justice so requires"). Our holding in *McGore* unambiguously resolved this tension in favor of

-11-

preserving an efficient judicial screening system under the PLRA and barring amendment of complaints subject to *sua sponte* dismissal.

*Baxter v. Rose*, 305 F.3d 486 (2002), 488-89 (6th Cir. 2002).

The strict prohibition against allowing amendments of initial pleadings subject to the screening process is not universally accepted. For instance, the plaintiff cited *Grayson v. Mayview State Hospital*, a Third Circuit case that rejected the approach embraced by the Sixth Circuit. In that case a prisoner filed a complaint against three prisons alleging that they were indifferent to his medical needs in violation of the Eighth Amendment. The prisoner was proceeding IFP. The defendants filed a motion to dismiss under Rule 12(b)(6), which the court referred to a magistrate judge who recommended dismissal, and the district court adopted that recommendation. Pre-PLRA Third Circuit law held that amendment of a complaint must be allowed where an amendment would cure a deficiency and would not be inequitable. The Third Circuit also previously had held that a court must inform a plaintiff that he had leave to amend a deficient complaint, even where the plaintiff has not asked for leave to amend. *See Shane v. Fauver*, 213 F.3d 113 (3d Cir. 2000). On appeal in *Grayson*, the court of appeals analyzed the PLRA to determine whether it "altered the legal landscape so that the District Court did not need to grant leave to amend before dismissing Grayson's deficient *in forma pauperis* complaint." *Grayson*, 293 F.3d at 106. The court concluded that section 1915(e)(2) did not supercede these basic rights, holding:

> We acknowledge that the words of the statute do not foreclose the following, more expansive reading: if a complaint fails to state a claim for any reason, including a pleading error that could be cured by amendment, the court "shall . . . dismiss" forthwith and without permitting a curative amendment. But we believe that this reading is more strained and would produce results that we doubt Congress wanted. If "shall . . . dismiss" were interpreted to mean "shall dismiss forthwith and without permitting a curative amendment," it would seem that a court would be required to grant a motion to dismiss a technically defective claim even if a request for leave to amend to cure the defect were pending. We doubt that Congress wanted to require

> such a harsh, and seemingly pointless, result. We are also hesitant to conclude that Congress meant to change established procedures without a clearer indication than we have here.

*Id.* at 110-11. The court proceeded to discuss cases from the Second, Ninth, and Tenth Circuits that came to the same conclusion. The court then criticizes Sixth Circuit cases holding otherwise.

This Court is governed by Sixth Circuit law. The magistrate, therefore, was correct that IFP plaintiffs are not permitted to amend their complaints to avoid *sua sponte* dismissal under section 1915. Section 1915(e)(2) requires a court to dismiss IFP complaints that fail to state a claim upon which relief may be granted. Although non-prisoner complaints are not subject to section 1915A, section 1915(e)(2) applies to both prisoners and non-prisoners. To reiterate, "[u]nlike prisoner cases, complaints by non-prisoners are not subject to the screening process required by § 1915A. However, the district court must still screen the complaint under § 1915(e)(2)." *McGore*, 114 F.3d at 608. Where an IFP plaintiff's complaint fails to state a claim upon which relief may be granted, a court in the Sixth Circuit has "no discretion in permitting a plaintiff to amend a complaint to avoid a *sua sponte* dismissal." *Id.* at 612. Consequently, the plaintiff's objection on the ground that he was entitled to amend his complaint is overruled.

### III.

After conducting a *de novo* review of the record in light of the plaintiff's objections, the Court is satisfied that the magistrate judge was correct in concluding that the original and first amended complaints failed to state a claim and should be dismissed under 28 U.S.C. § 1915(e)(2)(B). The magistrate judge also correctly concluded that the plaintiff was not permitted to amend his complaint.

Accordingly, it is **ORDERED** that the magistrate judge's reports and recommendations [dkt # 63, 71] are **ADOPTED** and the plaintiff's objections are **OVERRULED**.

It is further **ORDERED** that the matter is **DISMISSED WITH PREJUDICE** for failure to state a claim for relief.

It is further **ORDERED** that the motions for exemption from PACER fee [dkt ## 52,73]; motion to expedite ruling [dkt # 58]; and motion to grant access to records in government's possession [dkt # 58] are **DISMISSED AS MOOT**.

                                                s/David M. Lawson
                                                DAVID M. LAWSON
                                                United States District Judge

Dated: March 14, 2006

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 14, 2006.

                                      s/Tracy A. Jacobs
                                      TRACY A. JACOBS